**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Eugene CAMPER, Defendant–Appellant.**

**No. 08–50080.**

United States Court of Appeals, Ninth Circuit.

Submitted June 4, 2009.*

Filed June 16, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Anthony R. Montero, Esquire, Office of the U.S. Attorney, Los Angeles, CA, Michael J. Raphael, Esquire, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Donald B. Marks, Esquire, Marks & Brooklier, Los Angeles, CA, for Defendant–Appellant.

Before: RYMER and GRABER, Circuit Judges, and ALDRICH,** District Judge.

## MEMORANDUM ***

Defendant Eugene Camper appeals his sentence of 104 months' imprisonment imposed by the district court after he pleaded guilty to one count of possession of fifteen or more unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm the district court.

1. The district court did not err in applying a fourteen-level enhancement because a total loss of at least $765,500 was established by clear and convincing evidence. *See* U.S.S.G. § 2B1.1(b)(1)(H). Camper admitted to possessing the 1,531 stolen credit cards, and ample testimonial and physical evidence established that the stolen credit card numbers had long been under his control. The district court correctly calculated the total loss by applying the Sentencing Guidelines' $500 presumed loss to each of the 1,531 stolen credit cards. *See* U.S.S.G. § 2B1.1 cmt. n. 3(F)(i); *see also United States v. Yellowe,*

---

** The Honorable Ann Aldrich, Senior United States District Judge for the Northern District of Ohio, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

24 F.3d 1110, 1113 (9th Cir.1994) (holding that the district court did not clearly err when it calculated loss by multiplying the Sentencing Guidelines' minimum loss figure by the number of workable credit card numbers in Yellowe's possession, even though none of the numbers had been used to purchase items fraudulently).

2. The district court also did not err in applying a four-level enhancement for Camper's leadership role. *See* U.S.S.G. § 3B1.1 (a). The Secret Service agent's testimony, the cooperating witnesses' hearsay statements, and the evidence found in Camper's residence established by at least a preponderance of the evidence that Camper was a leader of a criminal activity that involved five or more participants. The district court did not abuse its discretion in finding the cooperating witnesses to be credible because their statements were sufficiently corroborated by each other, by the Secret Service, and by the evidence found in Camper's residence. *See United States v. Berry,* 258 F.3d 971, 976–77 (9th Cir.2001) (finding codefendants' hearsay testimony to be admissible at sentencing if it is accompanied by "some minimal indicia of reliability," such as external consistency). Alternatively, Camper's criminal activity was "otherwise extensive" because his runners accrued over $1.1 million in fraudulent charges to twenty-three financial institutions located in thirteen states. *See* U.S.S.G. § 3B1.1 (a); *United States v. Govan,* 152 F.3d 1088, 1096 (9th Cir.1998) (finding that a conspiracy was "otherwise extensive" because it "involved interstate travel, a large number of victims ... as well as nearly $100,000 in robbery proceeds").

3. Finally, the district court did not err in applying a two-level enhancement for a criminal activity involving ten or more victims. *See* U.S.S.G. § 2B1.1(b)(2)(A)(i). The government established by at least a preponderance of the evidence that the criminal activity caused a direct loss of $1.1 million to twenty-three financial institutions and that the loss was entirely attributable to Camper through his runners. *See* U.S.S.G. § 1B1.3(a)(1)(A) & (B) (stating that relevant conduct includes acts "committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused," as well as "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity").

AFFIRMED.